LAW OFFICE OF AIHONG YOU, PC
Aihong You, Esq.
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Fax: (732) 909-2214
aihong.you@aihonglaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE APPLICATION OF

FENGLIAN FU

                              Plaintiff,

        -against-

HUA WU

                           Defendant

Civil Action No.:

**VERIFIED COMPLAINT AND PETITION FOR RETURN OF THE CHILDREN**

Plaintiff and Petitioner Fenglian Fu (hereinafter referred to as "Mr. Fu" or "Petitioner"), by and through his undersigned attorneys, allege on knowledge as to his own acts and otherwise on information and belief as follows:

### NATURE OF THE ACTION

1. This Petition is brought by the Petitioner, a citizen of Germany, to secure the return of his eight years old son J.F.F (dob xx/xx/2011, "Son") and five years old daughter ZF (dob xx/xx/2014, "Daughter"), (together, "Children"), who were, without Petitioner's consent or acquiescence, wrongfully removed from Germany and brought to the District of New Jersey by the Children's mother, Defendant/Respondent, Hua Wu ("Ms. Wu" or "Respondent").

2.  This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the international Child Abduction Remedies Act ("JCARA"). The Hague Convention came into effect in the United State of America on July 1, 1988, and been ratified between, among other Contracting States, the United States of America and Germany. 22 U.S.C. §§ 9001-9011.

3.  The objects of the Hague Convention are:

Article 1(a): To secure the prompt return of the children wrongfully removed to or retained in any Contracting States; and

Article 1(b): To ensure that right of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

4.  The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. §1331 (federal question jurisdiction).

6.  Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. §1391(b) because, upon information and belief, the Children and Respondent are residing at Respondent's home at 14 6th Street, Harrison, NJ 07029.

## THE PARTIES

7.  Plaintiff/Petitioner Fenglian Fu is a citizen of Germany. He is the father of two Children. The Children have resided with Mr. Fu in Germany since they were born until they were wrongfully removed by Respondent on or about August 17, 2019.

2

8.  Defendant/Respondent Hua Wu is a citizen of the Untied States of America. She is the mother of two Children. Upon information and belief, she currently resides at 14 6ᵗʰ Street, Harrison, NJ 07029.

## FACTUAL ALLEGATIONS

9.  The Parties are the parents of the Children. **Exhibit A** are true copies of the two Children's birth certificates.

10. Since the two Children were born, they grew up and lived in Germany with Mr. Fu until the Respondent wrongfully removed the Children to the United States on or about August 17, 2019, under the false pretense that she would travel with the Children in Europe for two weeks. **Exhibit B** are true copies of the text messages that Respondents sent to the Petitioner, stating that she would travel in Italy for one week and returned to Germany with the Children on September 7, 2019.

11. On July 23, 2019, Judge Hormung of Mannheim Family Court, a German court entered an order approving the parties' agreement dated June 27, 2019. **Exhibit C** is a true copy of the parties' June 27 agreement with certified English translation, which was so-ordered by the German court on July 23, 2019.

12. **Exhibit D** is a true copy of the German court's order with certified English translation, dated July 23, 2019, which approved the parties' June 27 agreement.

13. Before Judge Hormung of Mannheim Family Court, the parties reached the following agreement, which was subsequently so ordered by the court:

### Clause 1

The participants are agreed that the children's mother have contact with the children ▓▓▓▓▓▓▓▓▓ (J.F.F.), born on ▓▓▓▓▓ 2011 and ▓▓▓▓▓▓▓ (Z.F.), born on ▓▓▓▓ 2014, as follows:

a) from August 17, 2019 to September 7, 2019

For this, the children's mother picks up the two children at the beginning of the contact at 16.00 hrs at the household of the children's father and brings them at the end of the contact at 16.00 hrs back to the household of the children's father.

The contact is to take place within Europe. The children's mother undertakes, at the latest 14 days before the commencement of the contact, to advise the children's father of where she will be staying during the contact with the children.

**Clause 5**

The participants are agreed that the center of life of the two children is with the children's father.

The children's mother undertakes not to unilaterally change the usual place of residence of the children.

14. According to the transcript from the court proceeding on June 27, 2019 before the German court, a representative from the Municipal Youth Welfare Office Mannheim stated before court that "I have known the family since 2012. Thus far there have been no complaints from either side. The children have development well." (p. 8 of Certificated translation from the German Language for June 27, 2019 record of proceeding, Exhibit C).

15. During her visit of the children from August 17 to September 7, 2019, instead of travelling with them in Europe, the plaintiff secretively abducted them to the U.S. without any notice to their father. In fact, to cover up her abduction plan, she made up a false travel itinerary in Europe, tricking the defendant to give her the children's passports.

16. On September 6, 2019, Ms. Wu filed an application in the Superior Court of New Jersey, Hudson County, seeking temporary physical and residential custody of the Children in the U.S, based on alleged child abuse. Along with the application, she filed an *ex-parte* order to show cause restraining the father's access to the Children. **<u>Exhibit E</u>** are true copies of said application.

17.  In the orders entered by the State court dated September 13 and again September 24, 2019, based on DCP&P's investigation and report, Judge Vanek twice stated, "[t]he DCP&P report prepared after an assessment was reviewed on the record. DCP&P relayed to the Court that they are closing their case, as no safety concern have been found" "DCP&P set forth that there are no immediate safety concerns as to the children as to being in Mr. Fu's care." **Exhibit F.**

18. By its September 13 order, the State court ordered Ms. Wu to return the Children to Germany on or before September 20, 2019. She failed to comply with the order. On or about September 23, 2019, Mr. Fu brought an order to show cause seeking to punish her for contempt of court by failing to comply with the order. **Exhibit G.**

19.  Facing the immediate return of the Children to their father, Ms. Wu, through her counsel, Mr. Elliot H. Gourvitz, moved to voluntarily dismiss her case. For more than once before court, Attorney Gourvitz stated that Ms. Wu was voluntary dismissing her case **with prejudice.**

20. As a result of such a dismissal with prejudice in the state court proceeding where she claimed child abuse and endangerment, Ms. Wu is now legally and collaterally barred from raising any Grave Harm Defense in this proceeding based on her already-raised state court claims of child abuse and endangerment against Mr. Fu.

21. In Ms. Wu's certification dated September 6, 2019, she made false statement under oath, stating "[o]n August 18, 2019, defendant allowed the children of the marriage to go on vacation and visit my home in Harrison, New Jersey, where the children of the marriage have resided to date" (Wu Cert. ¶ 4, Sept. 6, 2019). The parties' communication nevertheless clearly show that she abducted the children to U.S. without their father's consent and knowledge under a false travel plan.

22. On or about September 11, 2019, Petitioner filed a request for return of the Children under Article 28 of the Hague Child Abduction Convention through the German Central Authority to the United States Department of State. **Exhibit H.**

### COUNT I
### Return of Children under the Hague Convention
### (Wrongful Removal and Retention of Children)

23. The Petitioner realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

24. On or about August 17, 2019, Respondent wrongfully removed the Children within the meaning of meaning of Article 3 of the Convention and continues to wrongfully retain the Children in New Jersey, United States, in violation of Article 3 and despite Petitioner's efforts to have the Children returned to Germany.

25. Petitioner has never acquiesced or consented to the removal of the Children from Germany to the Unite States or to their living outside Germany.

26. Respondent's removal and retention of the Children is wrongfully within the meaning of Article 3 of the Convention because:

(a) It is in violation of Petitioner's right to custody as established, through a German court order, which is a judicial decision as defined under the Convention, and through a legally enforceable arrangement between the parties. The German order and the Parties' June 27 agreement undisputedly establish Petitioner's right as physical custodian of the Children and the Children's residence in Germany. Respondent's removal and retention of the Children in the U.S. violates Petitioner's custody rights as defined under the Convention, including "the right to determine the child's place of residence" and "rights relating to the care of the person of the child".

(b) At the time of the Children's removal from Germany, Petitioner was actually exercising his rights of custody with the meaning of Article 3 and 5 of the Convention and, but for Respondent's removal and retention of the Children, Petitioner would have continued to exercise those rights; and

(c) The Children were habitually resident with Petitioner in Germany within the meaning of Article 3 of the Convention immediately before their removal and retention by Respondent.

27. Respondent is presently wrongfully retaining the Children in the state of New Jersey, County of Hudson.

28. Upon information and belief, Respondent is keeping the Children in her home at 14 6th Street, Harrison, NJ 07029.

29. The Children are now eight and five years old. The Hague Convention applies to children under sixteen years of age and thus applies to both Children.

30. This Petition is filed less than one year from Respondent's wrongful removal of the Children. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Children.

### COUNT II
### Provisional Remedies
### (22 U.S.C. § 9004 &Hague Convention, Article 16)

31. Petitioner realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

32. Petitioner requests that this Court issues an order:

(a) immediate restraining Respondent from removing the Children from the jurisdiction of this Court;

(b) Preliminarily enjoining Respondent from removing the Children from the jurisdiction of this Court during the pendency of this action;

(c) A warrant seeking immediately physical custody of the Children, directing any United State Marshal or other law enforcement officer to bring the Children before this Court;

(d) Awarding temporary custody of the Children to Mr. Fu during the pendency of this proceeding;

(e) Alternatively, permitting immediate visitation and access to the Children by Mr. Fu;

(f) Scheduling an expedited hearing on the merits of this Petition.

### COUNT III
### Attorney Fees and Cost
### (22 U.S.C. § 9007 (b)(3) &Hague Convention, Article 26)

33. Petitioner realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

34. To date, Petitioner has incurred attorney's fees and costs as a result of the wrongful removal of the Children by Respondent.

35. Petitioner respectfully request that this Court award him all costs and fees, including transportation costs incurred to date as required by 22 U.S.C. § 9007.

### NOTICE OF HEARING

36. Pursuant to 22 U.S.C. § 9003(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceeding.

### PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays for the following relief:

(a)    An immediate temporary restraining order prohibiting the removal of the Children from the Jurisdiction of this Court;

(b)    Directing Respondent to turn over the Children's passports to this Court immediately;

(c)    Preliminarily enjoining Respondent from removing the Children from the jurisdiction of this Court during the pendency of this action;

(d)    A warrant seeking immediately physical custody of the Children, directing any United State Marshal or other law enforcement officer to bring the Children before this Court;

(e)    Awarding temporary custody of the Children to Mr. Fu during the pendency of this proceeding; or alternatively, permitting immediate visitation and access to the Children by Petitioner;

(f)    Scheduling an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent to show cause at this hearing why the Children should not be returned to Germany, and why such other relief requested in the Verified Complaint should not be granted; and pursuant to F.R. Civ. P. 65, an order that the trial of this action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(g)    A final judgment in Petitioner's favor establishing that the Children shall be returned to Germany, where an appropriated custody determination can be made by a German court under German law;

(h)    An Oder requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rule 54.1 & 54.2 of this Court; and

(i)    Such other, further, and different relief as this Court deems just and proper.

.

Dated: November 16, 2019

                                              _____/s/_____

                                              Aihong You, Esq.
                                              New Jersey Bar No. 019342012
                                              LAW OFFICE OF AIHONG YOU, PC
                                              Attorneys for Plaintiff/Petitioner
                                              9 Mott Street, Suite 600
                                              New York, NY 10013
                                              Tel: (917) 412-3603
                                              Fax: (732) 909-2214
                                              aihong.you@aihonglaw.com

## VERIFICATION

I, Fenglian Fu hereby certify as follows:

1. I am Plaintiff/Petitioner in this action.

2. I have read the foregoing complaint and attest that the statements and allegations made in it are true to the best of my knowledge and belief.

I declare under the penalty of perjury under 28 U.S.C §1746 that the foregoing is true and correct.

Date: November 18, 2019

_Fenglian Fu_
Fenglian Fu

11