## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | | |
|---|---|---|
| **FENGLIAN FU** | * | |
| Petitioner, | * | |
| | * | Civil Action No.: 19-20533 (SDW) (LDW) |
| v. | * | |
| **HUA WU** | * | |
| Respondent. | * | |

### CONSENT ORDER

This Consent Order is made pursuant to article 7c of the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 *et seq.*, and with the express consent and agreement of both parties, as evidenced by the signatures of both parties' counsel, as well as the signatures of both parties below. It is therefore this 24th day of January, 2020, by the United States District Court for the District of New Jersey, hereby **ORDERED**:

1.     That by agreement of the parties, Fenglian Fu (hereinafter "Father") and Hua Wu (hereinafter "Mother"), the children shall remain with the Mother in the United States of America which is now designated as the children's habitual residence and home state pursuant to New Jersey Law, N.J.S.A. 2A:34-53 to 2A:34-95, the International Parental Kidnapping Crime Act of 1993 (IPKCA), 18 U.S.C. §1204 (1993), Hague Convention on Civil Aspects of International Child Abduction, 42 U.S.C. 11601 et seq. as it is defined in the Treaty and reflected in Friedrich v. Friedrich, 983 F.2d 1396 (1996) and Yang v. Tsui, 499 F.3d 259, 270 (3d Cir. 2007). Both parties affirm they have no intent ever to change the children's jurisdiction from the Country of present jurisdiction, United States of America; and

2.  That by agreement of the parties, the Mother shall have sole residential custody of the children; and

1

3. That by agreement of the parties, and the Order of this Court, the Superior Court of New Jersey, Hudson County shall release the children's and the Mother's passports to the Mother; and

4. That by agreement of the parties, this matter shall be DISMISSED WITH PREJUDICE; and

5. That by agreement of the parties, the Father shall have a weekly video call with the children, which shall commence this Saturday, for a duration of between 15 and 20 minutes; and

6. That by agreement of the parties, the Father may vacation with the children in the United States for a one-week duration in the Spring of each year;

7. That by agreement of the parties, the Father may vacation with the children in the United States in the summer for a duration of two to three weeks each year; and

8. That by agreement of the parties, the Father shall not be required to pay direct child support to the Mother; and

9. That by agreement of the parties, each party shall pay his or her own attorneys' fees, suit money, travel expenses, necessary expenses, and costs associated with this matter, and Father waives any and all claims against the other under the Hague Convention and/or ICARA for any and all necessary expenses and attorney's fees; and

10. This Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention, however, is an agreement by the parties as to Custody and Parenting time.

Date: 01/24/20

IT IS SO ORDERED:

Hon. Susan D. Wigenton, U.S.D.J.
United States District Court Judge
United States District Court
for the District of New Jersey

2

**APPROVED AS TO**
**FORM AND CONTENT:**


Aihong You, Esquire
Bar No.: 019342012
9 Mott Street, Suite 600
New York, New York 10013
(917) 412-3603
aihong.you@aihonglaw.com
*Attorney for Petitioner*

Ari H. Gourvitz, Esquire
Bar No.: 026482004
Gourvitz & Gourvitz, LLC
505 Morris Avenue, Suite 102
Springfield, New Jersey 07081
ehg@gourvitz.com
ahg@gourvitz.com
*Attorneys for Respondent*


Fenglian Fu, Petitioner

Hua Wu, Respondent

3