**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FENGLIAN FU,<br><br>       Plaintiff,<br><br>v.<br><br>HUA WU,<br><br>       Defendant. | Civil Action No. 2:19-20533 (SDW)(LDW)<br><br>**OPINION**<br><br>July 13, 2022 |

      **THIS MATTER**, having come before the Court on Plaintiff Fenglian Fu's ("Plaintiff") Ex Parte Motion for a Temporary Stay of a State Court Proceeding, pursuant to Federal Rule of Civil Procedure ("Rule") 65, and Motion to Vacate the Consent Order Entered by This Court, pursuant to Rule 60, or Alternatively to Decline Jurisdiction Over Modification of Child Custody Under State Law, (D.E. 34–37), and this Court having carefully reviewed the Motion; and

      **WHEREAS** on January 24, 2020, with the express consent and agreement of Plaintiff and Defendant, Hua Wu ("Defendant"), this Court entered a Consent Order designating the residence of the parties' children, pursuant to N.J. Stat. Ann. §§ 2A:34-53 to 2A:34-95; the International Parental Kidnapping Crime Act of 1993 ("IPKCA"), 18 U.S.C. § 1204; and the Hague Convention on Civil Aspects of International Child Abduction, 42 U.S.C. §§ 11601, et seq., as defined in the Treaty and reflected in *Friedrich v. Friedrich*, 983 F.2d 1396 (1996) and *Yang v. Tsui*, 499 F.3d 259, 270 (3d Cir. 2007). (*See* D.E. 32.) The Order provided that it was "not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention," and was rather "an agreement by the parties as to Custody and Parenting time." (D.E. 32 at 2.); and

**WHEREAS** this Court's January 24, 2020 Order specifically delineated that the matter shall be "DISMISSED WITH PREJUDICE"; and

**WHEREAS** pursuant to Rule 65, a movant requesting an ex parte Order to Show Cause ("OSC") with Temporary Restraints without "written or oral" notice to the movant's opponent must present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B); *see* L. CIV. R. 65.1(a) (emphasizing that the movant must provide "a clear and specific showing" of exigency by affidavit or other sworn statement); and

**WHEREAS** Plaintiff has failed to provide a cogent or compelling reason for this Court to grant an ex parte OSC with Temporary Restraints, considering the matter is being addressed at present in the New Jersey State Court; and

**WHEREAS** Rule 60(b)(5) and (6) provide that this Court may relieve a party from final judgment if the judgment is no longer equitable or if there is a reason justifying relief; and

**WHEREAS** Plaintiff argues that Defendant has created a changed circumstance warranting the extraordinary measure provided by Rule 60, but has not provided a compelling, discernable, or detailed reason for this Court to vacate its January 24, 2020 order that dismissed the matter *with prejudice*; and

**WHEREAS** the United States Supreme Court has held that federal courts do not have the power to issue child custody decrees, and instead "[a]s a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts," *Ankenbrandt v. Richards*,

504 U.S. 689, 704 (1992), and this Court did not retain jurisdiction over this matter or any custody issues arising therefrom; therefore

Plaintiff's Ex Parte Motion for a Temporary Stay of a State Court Proceeding, pursuant to Rule 65, and Motion to Vacate the Consent Order Entered by This Court, pursuant to Rule 60, are **DENIED**, and this Court declines to exercise jurisdiction over this matter.  An appropriate order follows.

                                                    /s/ Susan D. Wigenton
                                           **United States District Judge**

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.